Jon O. Newman, Circuit Judge, concurring:
With one significant reservation, I join Judge Jacobs' thorough opinion ruling that Paul Scrimo's constitutional right to present a complete defense was violated by the state trial judge's exclusion of evidence pointing to the distinct likelihood that Scrimo's accuser, John Kane, committed the murder for which Scrimo was convicted. I write to point out that, in addition to the evidence Judge Jacobs deems erroneously excluded, the trial judge also erroneously excluded one of the two most probative items of evidence that Kane murdered the victim,[1] his previous act remarkably similar to the act that resulted in the victim's death.
Scrimo's defense was that Kane, the only person other than Scrimo and the victim who was present in the room where the murder occurred, choked the victim to death because of a dispute about Kane's sale of narcotics to the victim. The excluded evidence was Jennifer Hartman's account of an episode three years before the murder in which Kane choked her because of a dispute about Kane's sale of narcotics to her. Fortunately, Hartman survived the choking episode and was prepared to testify about it at Scrimo's trial. The trial judge excluded her testimony, mistakenly thinking that it has been offered to impeach Kane's credibility, rather than to show that he murdered the victim.
Judge Jacobs identifies several items of evidence improperly excluded, but when he considers the Hartman choking episode, he states that the state court trial judge "could have excluded" it on the ground that it "could be considered evidence of a 'remote act, disconnected and outside of the crime itself,' " Maj. Op. at 119 (emphasis in original) (brackets omitted) (quoting People v. Schulz , 4 N.Y.3d 521, 529, 797 N.Y.S.2d 24, 829 N.E.2d 1192 (2005) ), and that "such a ruling would not have been an abuse of discretion," id . On the contrary, the evidence was not remote; properly admitted, it would have been devastating for Kane and critical for Scrimo; and its exclusion as "remote" would have far exceeded the trial judge's discretion.
Judge Jacobs acknowledges that Hartman's excluded testimony "has probative value and supports the defense theory that [Kane] strangled [the victim] over a drug transaction." Maj. Op. at 119. Its obvious probative value arises because it shows the modus operandi of Kane's conduct when one of his female customers has a dispute with him over a narcotics transaction. Schulz , which Judge Jacobs acknowledges does not resemble Scrimo's case, rejected a complaint about excluding evidence because the defendant there "offers no evidence which shows a modus operandi." 4 N.Y.3d at 528, 797 N.Y.S.2d 24, 829 N.E.2d 1192. In the pending case, Scrimo offered very similar evidence of modus operandi.
Of course, a trial judge can consider the time interval between a prior similar act and the act at issue, and, at some point, a long interval would likely be a permissible ground for exclusion, but the probative force of the prior act derives primarily from the degree of similarity to the act at issue. With Kane's prior act so similar to *122 the act at issue, an interval of three years would not have been a permissible basis for exclusion of exculpatory evidence, even if the trial judge had relied on it.[2] "[T]he standard of admissibility when a criminal defendant offers similar acts evidence as a shield need not be as restrictive as when a prosecutor uses such evidence as a sword." United States v. Aboumoussallem , 726 F. 2d 906, 911-12 (2d Cir. 1984) (considering Fed. R. Evid. 404(b) ).[3]
The egregiousness of the trial judge's constitutional error was enhanced by his reneging on an assurance he gave defense counsel. First, the judge explained to defense counsel, "You can certainly ask Mr. Kane on the specific dates with respect to any cocaine transaction you want. If he denies it, I said you can bring in anybody you want." Tr. 569. Then, when defense counsel cross-examined Kane about the Hartman episode, Kane denied that it had occurred. But when defense counsel then proffered Hartman as a witness, the trial judge excluded her testimony as "collateral," Trial Tr. 1643, mistakenly thinking it was offered only to impeach Kane's credibility.
The erroneous exclusion of Hartman's testimony of Kane's prior choking of a female narcotics customer adds significantly to the grounds Judge Jacobs documents for issuance of a writ of habeas corpus.

The other highly probative evidence pointing to Kane as the murderer was Kane's DNA retrieved from under the victim's fingernails.

Cf. Brenk v. State , 311 Ark. 579, 847 S.W.2d 1, 10 (1993) (approving admission of threats made in early 1980s to prove guilt of defendant for murder committed in 1990).

The New York Court of Appeals has identified but not resolved the issue of whether a lesser standard of admissibility applies to prior acts offered by a defendant to implicate another person. See People v. DiPippo , 27 N.Y.3d 127, 129, 50 N.E.3d 888 (2016). "[D]efense proof of third-party acts or crimes should be admissible if they have significant features in common with the charged offense, even though the resemblance is not so extensive, and the common features are not so rare or unique, that they satisfy the 'signature' standard that applies when such evidence shows the defendant's prior crimes or acts ...." Christopher B. Mueller & Laird C. Kirkpatrick, 1 Federal Evidence § 4:37 at 853 (4th ed. 2013).